

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. JOY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 07-405-JJF |
| | : | |
| HEALTHCARE C.M.S., WARDEN | : | |
| RAPHAEL WILLIAMS, COMMISSIONER | : | |
| CARL C. DANBERG, GOVERNOR RUTH | : | |
| ANN MINNER, and MAYOR JAMES M. | : | |
| BAKER, | : | |
| | : | |
| Defendants. | : | |

Michael A. Joy, Pro se Plaintiff. Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

February 21, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Michael A. Joy ("Joy"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), along with several other inmates, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 18.)

For the reasons discussed below, the Court will dismiss the claims against Defendants Governor Ruth Ann Minner, Department of Correction Commissioner Carl C. Danberg, and Wilmington Mayor James M. Baker, for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Plaintiff to proceed against Defendants Warden Raphael Williams and Correctional Medical Services.

## I. THE COMPLAINT

Plaintiffs filed their original Complaint and followed it with two amendments. (D.I. 5, 6, 13.) Basically, the amendments added new plaintiffs. All Plaintiffs, with the exception of Joy, have been dismissed from the case for failure to provide documents as required by the Court. The Complaint alleges, generally, that grievances submitted at HRYCI regarding the conditions there are routinely ignored or not addressed. (D.I. 6 ¶¶ 8-11.) Plaintiff alleges that Defendants are at fault for exposing inmates to an unhealthy living environment and not

-1-

having preventive measures or policies to assure the safety of sentenced and unsentenced inmates. Id. at ¶ 13. Specifically, Joy alleges that inmates brought to the institution are housed without being quarantined and since his incarceration he has been exposed to tuberculosis. (D.I. 6, Joy statement.)

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, -F.3d-, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a

claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A. Personal Involvement

It is apparent in reading the Complaint and its amendments that suit was filed against Governor Ruth Ann Minner ("Governor Minner"), Department of Correction Commissioner Carl C. Danberg ("Commissioner Danberg"), and Wilmington Mayor James M. Baker ("Mayor Baker") based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged

wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. Appx. 240 (3d Cir. 2005).

The Complaint alleges that Commissioner Danberg fails to address the many grievances filed by inmates, that Governor Minner fails to thoroughly investigate the many complaints filed by inmates, and that Mayor Baker fails to thoroughly investigate the many complaints filed by inmates. The Complaint does not allege that the foregoing Defendants were aware of Joy's alleged exposure to disease and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Moreover, there are no allegations that Defendants were the "driving force

-5-

[behind]" the alleged constitutional violations. As a result, the Court will dismiss the claims against the foregoing Defendants as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an arguable basis in law or in fact.

### B. Exposure

The Supreme Court has recognized that exposure to contagious diseases may violate the Eighth Amendment if prison officials, acting with deliberate indifference, expose a prisoner to a sufficiently substantial "risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993) (holding that exposure to environmental tobacco smoke states an Eighth Amendment cause of action even though inmate was asymptomatic because the health risk posed by involuntary exposure to second hand smoke was "sufficiently imminent"). Additionally, inmates may be entitled to relief under the Eighth Amendment where they proved threats to personal safety from the mingling of inmates with serious contagious diseases. See id. at 33. Courts have held that inmates can state an Eighth Amendment claim for confinement in a cell with an inmate who has a serious contagious disease that is spread by airborne particles, such as tuberculosis. See Bolton v. Goord, 992 F. Supp. 604, 628 (S.D.N.Y. 1998)(acknowledging that prisoner could state Eighth

Amendment claim for confinement in same cell as inmate with serious contagious disease, such as tuberculosis, but rejecting claim in this case because prisoner had not shown that inmates with active infectious tuberculosis were double-celled).

The Complaint alleges that Warden Raphael Williams was aware that inmates were not thoroughly screened for disease before going into general population and that Correctional Medical Services does not have a policy in place to examine inmates before placing them into general population. Accordingly, Plaintiff will be allowed to proceed against Defendants Warden Raphael Williams and Correctional Medical Services on the exposure claim.

### IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against Defendants Governor Ruth Ann Minner, Department of Correction Commissioner Carl C. Danberg, and Wilmington Mayor James M. Baker for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Plaintiff to proceed with his Eighth Amendment exposure claim against Defendants Warden Raphael Williams and Correctional Medical Services. An appropriate Order will be entered.