IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. JOY, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 07-505 JJF |
| | : | |
| v. | : | TRIAL BY JURY OF 12 DEMANDED |
| | : | |
| HEALTHCARE C.M.S., and | : | |
| WARDEN RAPHAEL WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

**CORRECTIONAL MEDICAL SERVICES, INC.S'**
**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Correctional Medical Services ("CMS"), by and through its undersigned counsel of record for its Answer to the Second Amended Complaint (D.I. 13) , states as follows:

I.  JURISDICTION

1.  CMS does not contest jurisdiction.

II.  PLAINTIFF

2.  Anthony Walker's claims have been dismissed, leaving the allegations of this paragraph irrelevant and, as such, they are denied.

III.  DEFENDANT

3-6.  The allegations of these paragraphs are not directed toward Answering Defendant and so no response is required.

7.  The allegations of this paragraph constitute legal conclusions to which no response is required.

IV. FACTS

8-11  Denied that CMS allows inmates to be "filtered in general population before medical thoroughly examines them for diseases. . ." The remaining allegations of these paragraphs are not relevant to the remaining claims, and so they are denied.

12. Denied.

13. Denied as to CMS.

All remaining allegations of this section of the Second Amended Complaint are denied.

V. LEGAL CLAIMS

14.-17. Denied as to CMS.

VI. INJURY

18. Denied.

Memorandum of Law

19. The allegations of this paragraph constitute conclusions of law to which no response is required. All remaining allegations are denied.

## ADDITIONAL DEFENSES

20. Plaintiff fails to state any claim upon which relief can be granted.

21. Answering Defendant was not deliberately indifferent to any serious medical need.

22. Plaintiff fails to state a claim against Answering Defendant for medical negligence.

23. To the extent Plaintiff purports to state a claim for medical negligence pursuant to State law, such claim is barred by Plaintiff's failure timely to file an affidavit of merit pursuant to 18 *Del. C.* § 6853.

24. Plaintiff's claims are barred by the statute of limitations.

25. Plaintiff's Complaint fails for insufficient service of process.

26. Plaintiff's Complaint fails for failure timely to serve process.

27. Plaintiff's Complaint fails for improper service of process.

28. Answering Defendant was not acting under color of State or Federal law.

29. Plaintiff fails adequately to plead a claim for punitive damages.

30. Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

31. Plaintiff has failed to exhaust his administrative remedies.

32. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

33. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendant.

34. Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendant is not responsible and over whom Answering Defendant had no authority or control.

35. Answering Defendant did not establish any policy or protocol constituting deliberate indifference.

36. Answering Defendant is entitled to good faith immunity.

37. Answering Defendant is entitled to immunity or qualified immunity.

38. Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

39. Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

40. Plaintiff's claims may be barred or limited by contributory/comparative negligence.

41. Plaintiff failed to mitigate his damages.

42. Answering Defendant CMS is immune from liability under State law through the State Tort Claims Act, 10 Del. C. § 4001, *et seq*.

43. Plaintiff's claims against CMS pursuant to 42 U.S.C. § 1983 are or may be barred by the inapplicability of the doctrine of respondeat superior.

44. Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by his co-defendants.

45. Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

46. Answering Defendant denies all cross-claims asserted against him now or hereinafter.

WHEREFORE, Answering Defendant respectfully requests entry of judgment in its favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

                BALICK & BALICK, LLC

                /s/ James E. Drnec
                James E. Drnec, Esquire (#3789)
                711 King Street
                Wilmington, Delaware 19801
                302.658.4265
                Attorneys for Defendant
                Correctional Medical Services, Inc.

Date:   June 11, 2008

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 11th day of June 2008, the foregoing Answer to Second Amended Complaint was filed via CM/ECF and served upon the following via First Class Mail:

> Michael A. Joy
> SBI# 519040
> Howard R. Young Correctional Institution
> P.O. Box 9561
> Wilmington, DE 19809

        /s/ James E. Drnec
James E. Drnec, Esquire (#3789)