IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. JOY, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 07-405 JJF |
| | : | |
| v. | : | TRIAL BY JURY OF 12 DEMANDED |
| | : | |
| HEALTHCARE C.M.S., and | : | |
| WARDEN RAPHAEL WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CMS'S FIRST SET OF INTERROGATORIES
DIRECTED TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Correctional Medical Services, Inc. ("CMS") hereby requests Plaintiff to answer, separately and fully in writing under oath, the following Interrogatories within thirty days of service hereof.

DEFINITIONS AND INSTRUCTIONS

A. "Document(s)", as used in these interrogatories, is employed in the broadest possible sense under Rule 34 of the Federal Rules of Civil Procedure and means without limitation any written, printed, typed, photostated, photographed, recorded or otherwise reproduced communications or reproductions, whether privilege is asserted thereto or not and including all copies or drafts of any such document which differ (by annotation or otherwise) in any respect from the original.

B. "Person", refers to the plural as well as the singular, of any natural person, firm, corporation, association, group or organization, unless specifically stated otherwise.

C. "You" and "Your", as used in these interrogatories, shall mean the party to which these interrogatories are directed, its agents, officers, directors, and employees, and all other

persons acting or purporting to act on its behalf of all of its representatives, including its attorneys. "You" and "your" refers to each plaintiff individually and all plaintiffs collectively, including plaintiffs' decedent and his estate. For each answer, identify the plaintiff on whose behalf it is made.

  D. "Identify", as applied to a person, means to furnish, except as otherwise noted, his or her name and present or last known residence and business address, and, if a corporation, the state of incorporation.

  E. Whenever you are requested to "identify" a communication of any type and such communication was oral, the following information should be furnished:

    (a) By whom it was made and to whom it was directed;

    (b) Its specific subject;

(c) The date upon which it was made;

    (d) Who else was present when it was made; and

    (e) Whether it was recorded, described or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

  F. Whenever you are requested to "identify" a communication and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

    (a) Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

    (b) Its specific subject;

    (c) By whom it was made and to whom it was directed;

    (d) The date upon which it was made; and

    (e) Who has possession of the original and any copies.

G.  If you object to any of the interrogatories herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

(a)  Identify the privileged document or communication;

(b)  Identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

(c)  Identify the person who made the privileged document or communication;

(d)  Identify the general subject matter of the privileged document or communication; and

(e)  State the basis for your claim of privilege with respect to each such document or communication.

H.  These Interrogatories are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer to them is obtained or becomes known to plaintiffs, it shall be supplied in writing under oath to defendant as though expressly requested by separate interrogatories.

I.  If the usage of any term, word, or phrase used herein makes it difficult for you to understand the meaning of the Interrogatory, do not object thereto. Instead, immediately contact the undersigned counsel for clarification.

**INTERROGATORIES**

1.  Please identify yourself fully, giving your full name, age, social security number, residence address, business address and occupation and, if married, give the name of your spouse and any children.

**ANSWER:**

2.      Please describe in full detail (including, to the best of your ability, exact times and places) how the alleged occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of and after the alleged occurrence which had any bearing on the cause and manner of the injuries you allege were proximately caused by the actions or omissions of CMS.

**ANSWER:**

3.      Please state the name, current address or location of each person who was a witness to or has knowledge of any occurrence, event, fact, circumstance or discoverable matters upon which the Plaintiff's claims are based or founded, specifying the occurrence, event, fact, circumstance or discoverable matters to which each such person was a witness or had knowledge.

**ANSWER:**

4.      Please identify all the specific acts or omissions of CMS you contend violated your Eighth Amendment rights.

**ANSWER:**

5. Have you been diagnosed with Tuberculosis? If yes, please state:

    a. Date of diagnosis;
    b. Name, address and telephone number of health care provider who diagnosed you;
    c. All treatment you have received for Tuberculosis, including the names and dosages for all medications, and dates of office visits;
    d. Name, address and phone number of all healthcare providers who have treated you for Tuberculosis;
    e. If any of the above-named health care providers has told you how they believe you contracted Tuberculosis, identify each one and the basis for their opinion.

**ANSWER:**

6. State all facts upon which you base your claim that CMS is not adequately screening inmates for disease prior to clearing them for general population.

**ANSWER:**

7. Identify and produce every grievance you submitted regarding CMS and the allegations in the Complaint, Amended Complaint and Second Amended Complaint.

**ANSWER:**

8.	Identify every disease or illness you believe you have contracted as a result of the alleged improper screening practices. If the person from whom you believe you contracted it was a cell mate, so state. For each disease or illness identified, state:

    a.	The healthcare provider who diagnosed it;

    b.	The date of diagnosis;

    c.	The individual from whom you believe you contracted it;

    d.	The approximate date you contracted it;

    e.	The manner in which you contracted it.

    **ANSWER:**

9.	Describe in detail each and every physical, mental or emotional injury, both temporary and permanent in nature, which you allege you have suffered as a direct and proximate result of the actions or omissions of CMS.

    **ANSWER:**

10.	For each injury which you allege constitutes a permanent injury, describe in detail the facts upon which you rely in alleging that this injury is permanent, providing the details necessary for this defendant to identify and locate any information upon which you rely in making this allegation (names and addresses of physicians consulted; names and addresses of experts consulted; titles, authors, publishers and dates of publication for written materials, etc.).

    **ANSWER:**

11. Insofar as you claim damages for future medical treatment, state the following:

    (a) Describe in detail the treatments, operations and hospitalization for plaintiff which you contend may be needed in the future;

    (b) Describe in detail the information and information sources upon which you rely in concluding that such future treatments, operations and hospitalization may be necessary;

    (c) The amount plaintiff claims for future medical and hospital expenses;

    (d) A detailed description of how that amount is calculated.

**ANSWER:**

12. If you claim plaintiff sustained any loss of income or earning power as a result of the incident which is the subject of this litigation either in the past, present or in the future, state:

    (a) The total loss plaintiff claims was sustained;

    (b) The inclusive dates when plaintiff claims to have been wholly unable to work as a result of the incident and the reason you were unable to work on such dates;

    (c) The inclusive dates when plaintiff claims to have been partially unable to work as a result of the incident and the reason each was unable to work on such dates;

    (d) A specific description of the type or types of work plaintiff would have been performing or would have been able to perform during the period stated;

    (e) The rate of income plaintiff would have been able to receive except for the

incident (as, for instance, one dollar per hour, 50 dollars per week, etc.);

 (f) The name and address of the person, corporation or other entity which would have been plaintiff's employer;

 (g) The total amount of money plaintiff had been paid by the employer during each of the six years preceding the incident which is the subject of this litigation;

 (h) With reference to federal income tax returns, whether filed jointly or individually, state the amount of income declared for each of the six years preceding the answering of this interrogatory and the sources of all income declared (such as $5500 from bank interest, $100 in stock dividends, $10,000 in pension payments, etc.).

 **ANSWER:**

13. As to any photograph, diagram. X-ray, CT Scan, MRI, or other pictorial representation(s) upon which you intend to rely at trial, please state:

 (a) If a photograph, whether moving or still and whether color or black and white;

 (b) The name and address of the photographer, radiologist or graphic artist;

 (c) The name and address of the person who suggested or ordered the representation;

 (d) The date of taking or making;

 (e) The place of taking or making;

 (f) The subject matter shown;

  (g) If you will do so without a motion to produce, attach a copy of each pictorial representation to your answers to these interrogatories.

  **ANSWER:**

14. With reference to any expert who has been consulted by you, your attorney, or anyone on your behalf, concerning any aspect of the issues in this litigation, whether such issues involve liability, damages or other matters, state the name and address of such expert and the dates of each consultation.

  **ANSWER:**

15. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert, and, as to each expert named, state:

  (a) The subject matter on which the expert is expected to testify;

  (b) The substance of the facts and opinions to which the expert is expected to testify;

  (c) A summary of the grounds for each opinion of the expert;

  (d) If the expert has prepared any report or other matter in writing pertaining to his opinions or the facts on which they are based, state the date of that matter in writing and the names and addresses of persons having copies of it;

    (e)  Whether such expert rendered any care to the plaintiff and, if so, what care and when;

    (f)  The date the expert was first consulted by the plaintiff's attorney;

    (g)  A brief chronological resume of the expert's education and professional background, including the associations or societies of which he is a member, and as to medical personnel, the names and addresses of all hospitals whose staff such experts are on or have had courtesy privileges or act or acted as consultants, a statement as to whether a medical expert is a medical doctor or osteopathic physician, and if any, a statement of the medical expert's field of specialization;

    (h)  The title, publisher, date and form of all documentary material published by each such expert within his field.

  **ANSWER:**

16. Identify and produce all documents, and identify all factual information, submitted to any expert.

  **ANSWER:**

17. If plaintiff or plaintiff's expert(s) intend to rely upon any textbook, periodical, paper or authority to substantiate or formulate any opinion or conclusion or to rely upon same in the

plaintiff's examination or cross examination of any party witness or expert, state the exact title of each, the name and address of the author and publisher and the sections or pages to be relied upon.

**ANSWER:**

18. Set forth the name, address, telephone number and employment position of any and all witnesses you expect to call at trial and provide a brief summary of their expected testimony.

**ANSWER:**

19. State the name and address of each and every physician or other person who has informed you or anyone on your behalf that CMS failed to possess and use the degree of knowledge and skill ordinarily possessed and used by other physicians and health care providers engaged in said disciplines, of failed to provide adequate medical care for, or was deliberately indifferent to, or violated the civil rights of the Plaintiff.

**ANSWER:**

20. If you had any conversation at any time with any other party to this lawsuit concerning the incident(s) of which you complain, please state the following with respect to each such conversation:

    (a)    The name, address, employer and address of the employer of each

individual who was a party to the conversation;

      (b)    The date of the conversation;

      (c)    The subject matter of the conversation;

      (d)    The content of the conversation;

      (e)    The name, address, employer and address of the employer of each individual who was present during the conversation but who was not a party to the conversation.

**ANSWER:**


21.    Identify all physicians, medical providers, therapists, mental health care providers, psychiatrists and psychologists who treated or examined Plaintiff in the ten years prior to, or since the incarceration at issue here.

**ANSWER:**


22.    State what Plaintiff did for a living prior to his incarceration and provide:

      (a) the name and address of each place of employment for the ten years prior to his incarceration;

      (b) the rate at which he was paid by each employer;

      (c) the length of time he worked for each employer;

      (d) his job title at each employer.

**ANSWER:**

23. What is your educational history? Please identify:

   (a) The highest level of education that you completed;

   (b) All colleges and post-secondary institutions attended;

   (c) All certifications held, and the source of those certifications;

   (d) All vocational training you received.

   **ANSWER:**

        BALICK & BALICK L.L.C.

           /s/ James E. Drnec
        James E. Drnec (DE Bar # 3789)
        711 King Street
        Wilmington, DE 19801
        (302) 658-4265
        Attorneys for CMS

Dated: June 11, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. JOY, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 07-405 JJF |
| | : | |
| v. | : | TRIAL BY JURY OF 12 DEMANDED |
| | : | |
| HEALTHCARE C.M.S., and | : | |
| WARDEN RAPHAEL WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF SERVICE

I, James Drnec, hereby certify that on this 11th day of June, 2008, Defendant CMS' First Set of Interrogatories Directed to Plaintiff was served on the following by First Class mail:

>Michael A. Joy
>SBI# 519040
>Howard R.Young Correctional Institution
>P.O. Box 9561
>Wilmington, DE 19809

>BALICK & BALICK L.L.C.

>     /s/ James E. Drnec
>James E. Drnec (DE Bar # 3789)
>711 King Street
>Wilmington, DE 19801
>(302) 658-4265
>Attorneys for CMS

Dated: June 11, 2008

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 11th day of June 2008, the foregoing Defendant CMS' First Set of Interrogatories Directed to Plaintiff was filed via CM/ECF and served upon the following via First Class Mail:

>Michael A. Joy
>SBI# 519040
>Howard R.Young Correctional Institution
>P.O. Box 9561
>Wilmington, DE 19809

>      /s/ James E. Drnec
>James E. Drnec, Esquire (#3789)